UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TYLER M. BELLIVEAU, <br><br> Plaintiff, <br><br> v. <br><br> DIVERSIFIED CONSULTANTS, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT  4:18-cv-01233 <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES** Tyler M. Belliveau ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Diversified Consultants, Inc. ("Defendant" or "Diversified") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and maintains significant business contacts in the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

## FACTS SUPPORTING CAUSES OF ACTION

6. In or around December 2017, Plaintiff began receiving calls from Defendant in an attempt to collect on a Verizon debt incurred in 2017 ("subject debt").

7. Plaintiff began receiving these calls to his cellular telephone number, (469) XXX-9602.

8. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

9. In January 2018, Plaintiff answered a call from Defendant and told Defendant to stop calling him, and that he would contact Defendant.

10. Failing to acquiesce to Plaintiff's demand that it stop calling, Defendant continued to call Plaintiff.

11. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 77 harassing phone calls to Plaintiff's cellular phone between January 2018 and the present day.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

12. Moreover, in the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

13. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

14. Likewise, Plaintiff also hears what sounds to be call center noise in the background of Defendant's collection calls.

15. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

17. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted loans.

18. The phone numbers that Defendant most often uses to contact Plaintiff are (469) 974-0495 and (469) 480-1666, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

19. Furthermore, at no time did Defendant send Plaintiff any correspondences notifying him of his rights pursuant to 15 U.S.C. §1692g.

**DAMAGES**

20. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and g through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

32. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

33. Furthermore, Defendant has relentlessly called Plaintiff on no less than 77 occasions, on back-to-back days, and multiple times in one day. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

5

### b. Violations of FDCPA § 1692d

35. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant to cease placing collection calls to his cellular phone.

36. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 77 harassing phone calls to Plaintiff's cellular phone with calls taking place several times in one day, up to 3 times per day, using an automated telephone dialing system without Plaintiff's consent.

37. As pled above, Plaintiff was severely harmed by Defendant's conduct.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

39. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to aggressively collect debts in default to increase its profitability at the consumers' expense.

40. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

### c. Violations of FDCPA § 1692g

41. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing,

Defendant through its initial communication demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

42. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to §1692g.

**WHEREFORE**, Plaintiff TYLER M. BELLIVEAU respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    d. Award any other relief as the Honorable Court deems just and proper.

<u>**COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**</u>

43. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

44. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

45. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

46. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

7

47. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

48. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

49. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

50. Defendant violated the TCPA by placing no less than 77 phone calls to Plaintiff's cellular phone between January 2018 and the present day, using an ATDS without his prior consent.

51. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called in January 2018.

52. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

53. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

54. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

55. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

56. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff TYLER M. BELLIVEAU respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**</u>

57. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

58. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

59. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

60. Defendant is a "debt collector" " and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

   a. **Violations of TDCA § 391.302**

61. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

62. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls, as well as the statements made by Defendant's representative regarding the notations on Plaintiff's account, shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

63. Furthermore, Defendant relentlessly contacted Plaintiff multiple times per day on numerous occasions. Placing such voluminous calls on the same day in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

64. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff TYLER M. BELLIVEAU respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
    c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
    d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
    e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
    f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

| | |
|---|---|
| Dated: April 19, 2018 | Respectfully Submitted, |
| /s/ Marwan R. Daher | /s/ Omar T. Sulaiman |
| Marwan R. Daher, Esq. | Omar T. Sulaiman, Esq. |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Avenue, Suite 200 | 2500 South Highland Avenue, Suite 200 |
| Lombard, IL 60148 | Lombard, IL 60148 |
| Telephone: (630) 537-1770 | Telephone: (630) 575-8141 |
| mdaher@sulaimanlaw.com | osulaiman@sulaimanlaw.com |